IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| -vs- | ) | Criminal No. 19-203 |
| | ) | |
| KEVIN WATSON, | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION FOR RELEASE ON BOND PENDING SENTENCING**

**I.     Introduction**

Defendant Kevin Watson has filed a Motion for Release from Custody and a Motion for Detention Hearing, in which he seeks pretrial release from the Allegheny County Jail due to the COVID-19 pandemic. (ECF Nos. 111, 112) Pursuant to this Court's direction, the Government, the United States Probation Office, and counsel for the Defendant conferred regarding the Motion and the parties filed a Joint Status Report on April 15, 2020. (ECF No. 115) As indicated in the Status Report, the parties were unable to reach a resolution regarding the motion. After careful consideration of the parties' submissions, as well as the opposition of the United States Probation Office, which continues to recommend detention, for the reasons set forth below, the Motions are denied without prejudice.

**II.     Background**

On April 26, 2019, the Defendant is alleged to have led the Pennsylvania State Police on a high-speed chase following a traffic stop. He crashed the car, then fled on foot,

1

leaving a three-year-old child in the car. The police caught and arrested the Defendant and discovered approximately 300 bricks of suspected heroin in the car.

On June 26, 2019, the Government charged the Defendant in a one-count Indictment with possession with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(i). He was arraigned on July 17, 2019 and entered a plea of not guilty. (ECF No. 17) Following a full detention hearing on August 6, 2019, Magistrate Judge Kelly ordered detention pending trial. (ECF No. 33)

On October 15, 2019, the Government filed a one-count Superseding Indictment charging the Defendant with possession with intent to distribute 400 grams or more of a substance containing a detectable amount of fentanyl and 100 grams or more of a mixture and substance containing a detectable amount of heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vi) and 841(b)(1)(B)(i). On December 10, 2019, the Government filed an Information to Establish Prior Conviction. (ECF No. 79) The Defendant thereafter entered a plea of not guilty on December 10, 2019. (ECF No. 83)[1] The Defendant filed a Motion for Detention hearing with respect to the Superseding Indictment. (ECF No. 102) Magistrate Judge Lenihan denied the Motion, noting that the filing of a superseding indictment does not give rise to a new detention hearing. Judge Lenihan explained that "Section 3142(f) of the Bail Reform Act only authorizes the reopening of a detention

---

[1] The Defendant then began filing, *pro se*, motions with the Court. Because he was represented by counsel, the Court denied these motions. The Defendant, again acting in a *pro se* capacity, has appealed to the United States Court of Appeals for the Third Circuit. Specifically, he appealed this Court's order striking his Motion for a Bill of Particulars and the Magistrate Judge's Order of Detention. Both appeals are still pending. The Defendant has informed this Court that both parties have represented to the Third Circuit Court of Appeals that it lacks jurisdiction over the initial detention order. (ECF No. 122, p. 2)

2

hearing when material information 'that was not known to the movant at the time of the hearing' comes to light. No such new information has been alleged." (ECF No. 107)

On April 13, the Defendant filed a Motion for Release from Custody and a Motion for Detention Hearing. (ECF Nos. 111, 112) The Defendant's motions are predicated on the current COVID-19 pandemic. The parties have filed a Status Report and the Government and the Defendant have both briefed the issue. (ECF Nos. 118, 122) Consequently, the issue is ripe for review.

**III.	Analysis**

The Defendant contends that the COVID-19 pandemic constitutes a catastrophic health crisis that poses a grave risk to the public in general and an increased risk to those with chronic lung disease or moderate to severe asthma and those who are immunocompromised. (ECF No. 112, p. 2) The Defendant identifies himself as someone who is at an increased risk for these reasons. Specifically, he represents that he suffers from moderate to severe asthma, for which he is prescribed and uses an inhaler. He also indicates that he suffers from an irregular heart valve and sickle cell trait. *Id.* Counsel represents that these conditions were confirmed by a review of the Defendant's Allegheny County Jail medical records. The Defendant has supplied an affidavit from Dr. Brie Williams, a physician and Professor of Medicine at the University of California – San Francisco, and consultant emeritus for the California Department of Corrections and Rehabilitation, concerning the risks of the transmission of COVID within jails and prisons. (ECF No. 112, Ex. A) Dr. Williams confirms that individuals who suffer from pre-existing conditions such as asthma and heart conditions "puts them at a high-risk for severe illness from COVID-19." (ECF No. 112, Ex. A, p. 4)

3

According to the Defendant, the Allegheny County Jail ("ACJ") has not provided him with his two asthma medications (Ventolin and Albuterol Sulfate) since the beginning of April 2020, despite repeated requests. *Id.*, p. 2-3. The Defendant maintains that his pleas for his medication have gone unanswered despite the fact that he has been experiencing shortness of breath, headaches and gastrointestinal issues. *Id.* The Defendant insists that the real and very grave risks to his health and life that will result from his continued incarceration, particularly in light of the documentation of COVID-19 within the ACJ, substantially outweighs all other considerations under the Bail Reform Act.

The Government responded, challenging the legal basis for the relief sought. (ECF No. 118) Specifically, the Government queried whether the Defendant was seeking a review of the Magistrate Judge's Order of Detention (ECF No. 33), or a temporary release under 18 U.S.C. § 3142(i) because of the COVID-19 pandemic, or that the detention hearing be reopened under 18 U.S.C. § 3142(f) due to a "material change in circumstances." If the first, the Government believed the appeal to the Third Circuit Court would divest this Court of jurisdiction to consider the issue. If the second, the Government acknowledged that such a release may be "temporary," but noted that the Defendant sought release without temporal limits. If the third, the Government again questioned how the detention hearing could be reopened if the ruling on that hearing was already on appeal.

Given the lack of clarity regarding the basis for the Defendant's Motions, the Court ordered the Defendant to file a Response. The Defendant has filed a Response indicating

4

that he seeks temporary release from custody pursuant to 18 U.S.C. § 3142(i)[2] because of the COVID-19 pandemic. The text of § 3142(i), in relevant part, states: "The judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for … [a] compelling reason." The Defendant bears the burden of demonstrating a compelling reason for his release. *United States v. Patel*, No. 20-mj-14001, 2020 WL 1698785, at * 3 (D. N.J. Apr. 8, 2020) The Defendant must also present an individualized argument as to why temporary release is appropriate. Generalized or speculative arguments are insufficient. *United States v. Wilburn*, No. 18-115, 2020 WL 1899146, at * 2 (W.D. Pa. Apr. 17, 2020) To prevail on his motion, the Defendant must establish two factors: (1) that his release is necessary for either the preparation of his defense or another compelling reason; and (2) that he can be released to the custody of the United States marshal or another appropriate person. *Wilburn*, 2020 WL 1698785, at * 2, *citing*, 18 U.S.C. 3142(i).

Here, the Defendant presents his health in light of the COVID-19 pandemic as a "compelling reason." As my colleague recently noted:

> In light of the ongoing coronavirus pandemic, nearly every court to consider the issue has held that a defendant's serious medical condition can provide a compelling reason necessitating temporary release under § 3142(i)." *United States v. Garcha*, No. 19-cr-00663, 2020 WL 1593942, at * 3 (N.D. Cal. Apr. 1, 2020) (collecting cases). Temporary release may be most appropriate when the defendant suffers from a condition that makes him or her immunocompromised – something identified by public health officials as making [a] person at "high risk" for serious complications from COVID-19, the disease caused by the coronavirus. See Id. at * 3-4; Ctr. For Disease Control and Prevention, People Who are at High Risk for Severe Illness (last visited Apr. 29, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precuations/people-at-higher-risk.html.

---

[2] The Defendant asks, in the alternative, for a re-opening of his prior detention hearing pursuant to 18 U.S.C. § 3142(f). Given that the Third Circuit Court of Appeals has not yet addressed the appeal of the initial detention hearing, I decline to address relief under § 3142(f).

5

*United States v. France*, Case No.: 02:16-cr-196, Docket No. 325, p. 1-2 (W.D. Pa. May 5, 2020) (Hornak, J.) Significantly, the Government did not respond in any substantive way to the Defendant's allegations in this regard. It did not dispute the Defendant's representations regarding his health conditions or the ACJ's denial of his asthma medications. Nor has it averred that the ACJ has taken measures to address COVID-19 such that the Defendant should be assured of his safety.

Of course, this Court must be mindful of the need to consider a "compelling reason" in light of the "backdrop of the Bail Reform Act as a whole." *Wilburn*, 2020 WL 1899146, at * 4. That is, in this case, I must consider the Defendant's health as well as his dangerousness and risk of flight. *See Wilburn*, 2020 WL 1899146, at * 4 ("giving 'compelling reason' its ordinary meaning, considering the other sections in § 3142, as well as the Bail Reform Act as a whole, the Court concludes that while a defendant's medical conditions can provide a compelling reason for temporary release, the defendant's danger to the community and risk of flight must also play a meaningful role in the Court's decision as it considers whether a 'temporary release' is compelling.") As Judge Kelly stated in connection with the initial detention hearing, a rebuttable presumption arises in this case under 18 U.S.C. 3142(e) (3) that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community because there is probable cause to believe that the Defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act. (ECF No. 33). Judge Kelly concluded that the Defendant did not introduce sufficient evidence to rebut the presumption and found that the Defendant

must be detained because the Government had proven, by clear and convincing evidence, that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. (ECF No. 33) Judge Kelly's reasons supporting detention included: (1) that the Defendant would be subject to a lengthy period of incarceration if convicted; (2) the Defendant's prior criminal history; (3) that the Defendant participated in criminal activity while on probation, parole, or supervision; (4) the Defendant's prior attempts to evade law enforcement, including a high speed chase with a 3 year old in the vehicle; and (4) prior violations of probation, parole, or supervised release. (ECF No. 33) As stated above, the Defendant has presented uncontradicted evidence that he has serious and individualized health concerns. The fact that the ACJ has not provided the Defendant with necessary medication is particularly troublesome. The fact remains, however, that the Defendant presents a continued danger to the safety of the community.

Given the Defendant's failure to satisfy the second requirement under § 3142(i), however, I need not resolve whether he has articulated a "compelling reason." That is, he has not identified an "appropriate person" to act as his custodian during temporary release. Family members may be appropriate persons. *See United States v. Stephens*, No. 15-95, 2020 WL 1295155, at * 2 (S.D. N.Y. Mar. 18, 2020)  Yet the Defendant has not identified a family member, or anyone else, in this case. Nor has he cited to any case law indicating that "electronic monitoring" or a "curfew" can satisfy this requirement.

Because the Defendant has not satisfied his burden under § 3142(i), the Motion is denied. The denial is, however, without prejudice. Should the Defendant identify an "appropriate person," he may renew his Motion. I encourage both parties to include in any

7

renewed motion and response current facts regarding the status of the Defendant's medication as well as the situation at the ACJ.

Date: May 8, 2020

BY THE COURT:

_____
Donetta W. Ambrose
United States Senior District Judge