IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>   -vs- )<br>)<br>KEVIN WATSON, )<br>)<br>   Defendant. ) | Criminal No. 19-203 |

AMBROSE, Senior District Judge

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT's MOTIONS

### Synopsis

Defendant Kevin Watson, acting *pro se*, has filed the following Motions in advance of trial: (1) Motion to Dismiss (Speedy Trial) (ECF # 194); (2) Motion to Suppress Physical Evidence (ECF # 195); (3) Motion to Dismiss Superseding Indictment (Broadening Charges) (ECF # 197); (4) Motion to Dismiss (Spoilation) (ECF # 198); (5) Motions for Return of Property (ECF #s 200, 201); (6) Petition for a Bill of Particulars (ECF # 202); (7) Motion for Mistrial (ECF # 203); (8) Motion in Limine with Respect to Money and Marijuana (ECF # 204); and (9) Motion for Amendment of the Order (ECF # 208). The Government has filed an Omnibus Response. (ECF #219) and Watson has filed a Reply (ECF # 225).[1] For the reasons set forth below, the Motions are DENIED.

### Analysis

On April 26, 2019, Watson is alleged to have led the Pennsylvania State Police on a high-speed chase following a traffic stop. He crashed the car, then fled on foot, leaving a

---

[1] Watson also filed an Ex Parte Petition for Admittance of 804(b)(3) Evidence. (ECF # 196). That Motion will be addressed by separate Opinion and Order.

1

young child in the car. The police caught and arrested the Defendant and discovered approximately 300 bricks of suspected heroin in the car.

Initially Watson was charged in the Court of Common Pleas of Allegheny County. (ECF #202-2). Ultimately, however, on June 26, 2019, the Government charged the Defendant in a one-count Indictment with possession with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(i). He was arraigned on July 17, 2019 and entered a plea of not guilty. (ECF No. 17) Following a full detention hearing on August 6, 2019, Magistrate Judge Kelly ordered detention pending trial. (ECF No. 33).

On October 15, 2019, the Government filed a one-count Superseding Indictment charging Watson with possession with intent to distribute 400 grams or more of a substance containing a detectable amount of fentanyl and 100 grams or more of a mixture and substance containing a detectable amount of heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vi) and 841(b)(1)(B)(i).  On December 10, 2019, the Government filed an Information to Establish Prior Conviction. (ECF No. 79). Watson thereafter entered a plea of not guilty on December 10, 2019. (ECF No. 83). This Court conducted two hearings on a Motion to Suppress (ECF #152). Following the submissions of Findings of Fact and Conclusions of Law, the Motion was denied. (ECF # 184). Trial is scheduled for October 4, 2021. (ECF # 189).

(1) Motion to Dismiss (ECF # 194)

Watson seeks the dismissal "of the indictment with prejudice for the violations of speedy trial act" and his Sixth Amendment rights. (ECF #194, p. 4). Turning first to consideration of Watson's Sixth Amendment claims, the Sixth Amendment guarantees

that "the accused shall enjoy the right to a speedy and public trial." *U.S. Const. amend. VI*. Courts employ a "balancing test, in which the conduct of both the prosecution and the defendant are weighed" in order to determine if a defendant's right to a speedy trial has been violated. *Vermont v. Brillion*, 556 U.S. 81, 90 (2009), *citing Barker v. Wingo*, 407 U.S. 514, 530 (1972). "The inquiry focuses on: (1) the length of the delay before trial; (2) the reason for the delay and, specifically, whether the government or the defendant is more to blame; (3) the extent to which the defendant asserted his speedy trial right; and (4) the prejudice suffered by the defendant." *United States v. Velazquez*, 749 F.3d 161, 174 (3d Cir. 2014), *citing*, *Barker*, 407 U.S. at 530-33. "None of these factors is 'either a necessary or sufficient condition,' and the factors 'must be considered together with such other circumstances as may be relevant.'" *United States v. Battis*, 589 F.3d 673, 678 (3d Cir. 2009), *quoting Barker*, 407 U.S. at 533. As to the first factor, Watson will have been detained for approximately 28 months prior to trial, resolving the first factor in his favor. However, the reason for that delay rests squarely at his feet. Watson's numerous motions for extensions of pretrial motions, his repeated requests for new counsel, his appeals to our Court of Appeals, his initial refusal to consent to a video proceeding on the hearing on pretrial motions, and the ongoing COVID-19 pandemic are the predominant causes for delay in this case rather than the Government. A review of the docket reveals that the date for the filing of pretrial motions was extended, at Watson's request or on his behalf, no fewer than 10 times. (ECF #s 18, 39, 51, 61, 81, 90, 109, 126, 139 and 148). Further, Watson's requests for new counsel on two occasions and a third request to represent himself resulted in delays associated with hearings regarding the breakdown in communication between Watson and his attorney, delays in securing new counsel, the

time necessary for new counsel to familiarize himself with the case, and rescheduling proceedings because of scheduling conflicts. (ECF #s 50, 137, 172). Indeed, during a hearing related to Watson's request to replace the second appointed counsel, he expressly acknowledged that replacing such counsel would cause additional delay. (ECF # 137). With respect to the third factor, Watson has shown no hesitation in raising with this Court any concerns he has had concerning the progress or substance of his case. He has filed numerous *pro se* motions despite being represented by counsel and has discharged his Court appointed counsel on two occasions. On each of those occasions he has participated in telephone conferences with this Court. He has also had the opportunity to speak with this Court in the context of the two hearings addressing the Motion to Suppress. Yet Watson did not raise any Speedy Trial Act concerns during those occasions.[2] Accordingly, this factor weighs against granting the Motion. Finally, I consider any prejudice that Watson may have suffered. Such harm may be in the form of "oppressive pretrial incarceration," "anxiety and concern of the accused," and "the possibility that the [accused's] defense will be impaired by dimming memories and loss of exculpatory evidence." *United States v. Claxton*, 766 F.3d 280, 296 (3d Cir. 2014). While sympathetic to the conditions that those in detention have endured during the COVID-19 pandemic, I agree with others who have found that "the reasonable restrictions on inmate movement to reduce the risk of COVID-19 spread within the Defendant's jail do not rise to the level of oppressiveness." *United States v. Wimbush*, Crim. No. 19-134,

---

[2] This Court is aware of a letter dated December 16, 2019 which Watson filed on the Docket (ECF # 88) which appears to be directed to his then attorney of record as it speaks to a failure to visit him in jail to discuss defense strategy. In that letter Watson does reference the Speedy Trial Act, however he did not raise these concerns directly with the Court.

2021 WL 1811668, at * 8 (D. N.J. May 6, 2021).  Significantly, Watson has not shown that he has suffered any impairment in his ability to adequately prepare for his defense.

I turn next to consider his Speedy Trial Act claim. The Speedy Trial Act itself requires that a defendant be brought to trial "within seventy days of the filing date … of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such a charge is pending, whichever date last occurs." 18 U.S.C. §3161(c)(1). When a defendant is not brought to trial within this time limit, as extended by 18 U.S.C. §3161(h), the information or indictment must be dismissed. 18 U.S.C. §3162(a)(2). Watson bears the burden of proof in establishing a violation of the Speedy Trial Act.

I must "identify and tally the days included on the speedy trial clock and count toward the seventy-day limit." *Zedner v. United States*, 547 U.S. 489, 507 (2006). Certain "periods of delay shall be excluded … in computing the time within which the trial of any offense must commence." 18 U.S.C. §3161(h). Relevant here, those periods of delay include:

>  (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;
> …
>  (H) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court….

See 18 U.S.C. §§3161(h)(1)(D) and (H). Reading these provisions together, "when a pretrial motion is filed, time is excluded under subsection (D) from the filing of the motion through responses to the conclusion of any hearing on that motion, at which time, subsection (H) is triggered and up to thirty (30) days are excluded while the motion is under advisement by the court. If there is not a hearing, then the motion is 'under

5

advisement' per subsection (H) as soon as the responses / replies are filed and the motion is then ripe for resolution." *United States v. Noble*, 509 F.Supp.3d 399, 405-406 (W.D. Pa. 2020), *citing United States v. Greer*, 527 Fed Appx. 225, 230 (3d Cir. 2013), *vacated on other grounds*, 572 U.S. 1056 (2014); *United States v. Felton*, 811 F.2d 190, 196-197 (1987).

Here, seventy days have not expired. Watson was indicted on June 26, 2019 (ECF # 1) and made his initial appearance and was arraigned before Magistrate Judge Eddy on July 17, 2019, which triggered the Speedy Trial Act. (ECF # 13, 16). *See United States v. Willaman*, 437 F.3d 354, 357 (3d Cir. 2006). Counsel was appointed and he submitted a request for the extension of time for the filing of pretrial motions that same day, which Watson himself signed. (ECF # 18). The Motion was granted and the pretrial motions deadline was set for September 3, 2019. (ECF # 19).  Watson then moved, as set forth above, nine additional times, for extension of the time for filing pretrial motions through October 26, 2020, wherein he sought to exclude these periods from being calculated under the Speedy Trial Act in the interests of justice. (ECF #s 39, 51, 61, 81, 90, 109, 126, 139, 148, 149).

Watson then filed a Motion to Suppress Physical Evidence on October 21, 2020. (ECF # 152)  Following a responsive brief and a reply (ECF #s 157, 160), the Court set a date of December 15, 2020 which was rescheduled to May 17, 2021 following Watson's motions. (ECF #s 163, 166, 167). Although this Court held the hearing on May 17th, the record was specifically held open pursuant to Watson's request and held a second hearing on June 3, 2021, further tolling the Speedy Trial Act. (ECFs #170, 175, p. 49, 174). The parties submitted Findings of Fact and Conclusions of Law on June 11, 2021

and this Court issued its Opinion and Order denying the Motion to Suppress on July 7, 2021 (ECF # 184). The time period between Watson's arraignment and the issuance of the Court's decision is entirely excludable under sections 3161(h)(1)(D) and (H).

Additionally, several other motions which Watson has filed have also tolled the Speedy Trial Act. *See* Pro Se Motion to Proceed Pro See (ECF # 172), filed 5/25/21, granted 7/20/21 (ECF # 191); Pro Se Motion to Dismiss (ECF # 194), filed 7/27/21, pending; Pro Se Motion to Suppress Physical Evidence (ECF # 195), filed 7/28/21, pending; Pro Se Petition for Admittance of 804(b)(3) Evidence (ECF # 196), filed 7/28/21, pending; Pro Se Motion to Dismiss Superseding Indictment (ECF # 197), filed 7/30/21, Pro Se Motion for Return of Property (ECF #200), filed 8/4/21, pending; Pro Se Motion for Return of Property (ECF #201), filed 8/4/21, pending; Pro Se Motion for Bill of Particulars (ECF # 202), filed 8/4/21, pending; Pro Se Motion for Mistrial (ECF # 203), filed 8/4/21, pending; Pro Se Motion re: Money and Marijuana (ECF # 204), filed 8/4/21, pending (several others remain pending). By my calculations, at most six days elapsed since the date of Watson's arraignment – between the date this Court granted Watson's Motion to Proceed Pro Se on July 20, 2021 and the date that he filed his next, still pending, Motion – July 27th.[3] This is a generous calculation given Judge Hornak's Administrative Orders.

---

[3] I also note that the Speedy Trial Act has been tolled because Chief Judge Hornak has entered Administrative Orders related to the COVID-19 pandemic which have "exclude[d] all Speedy Trial Act time from March 13, 2020 until April 27, 2020 in accordance with Section 3161(h)(7)(A)." Misc. No. 2:20-mc-394-MRH. The Administrative Order was reconsidered and amended on April 16, 2020, on May 29, 2020, on August 30, 2020, on February 2, 2021, and on April 27, 2021. In each instance, Chief Judge Hornak made extensive findings of fact and determined that the time period was excludable delay in *all* criminal proceedings because the ends of justice are served by taking that action substantially outweigh the interests of the parties and the public in a speedy trial. 18 U.S.C. §3161(h)(7)(B). *See United States v. Rodriguez-Mendez*, Crim. No. 17-15, 2021 WL 3025898, at * 8 (W.D. Pa. July 16, 2021).

Upon a review of the entirety of the record, then I find that dismissal is not warranted by statute or rule, nor is it constitutionally required under the Sixth Amendment. The Defendant's Motion to Dismiss (ECF # 194) is DENIED.

(2) Motion to Suppress Physical Evidence (ECF #195)

Watson's Motion to Suppress Physical Evidence relates to the suppression motion previously filed by counsel and extensively litigated during two hearings. Watson contends that the police stop was unreasonable in length such that the stop became unconstitutional. Watson's motion falls under Federal Rule of Criminal Procedure 12(b)(3)(C). The Government responds on both procedural and substantive grounds.

Procedurally, the Government argues that Watson's motion is untimely. I agree. The deadline for filing such motions was set for October 26, 2020. (ECF # 149). "Any motions not filed by the pretrial motions deadline are deemed waived, although they may be considered if good cause is shown." *United States v. Colon*, Crim. No. 17-47, 2020 WL 4597158, at * 1 (D. Del. Aug. 11, 2020), *citing Fed. R. Crim. P. 12(b)(3)(C)* and *United States v. Fattah*, 858 F.3d 801, 807 (3d Cir. 2017). We are almost a year past that deadline. That deadline was extended countless times. We are now on the eve of trial. Further, the issue of the validity of the stop was litigated, with two hearings on the matter and briefing submitted following the hearings. The issues have been resolved.[4] Watson has not demonstrated good cause for failing to raise this issue in a timelier manner.[5] He has urged only that his former counsel failed to raise the issue. (ECF #195, paragraph 3).

---

[4] A party waives any issue that isn't timely raised. The "waiver rule applies not only when a defendant fails to file any pretrial motion to suppress, but also when a defendant fails to assert a particular argument in a pretrial suppression motion that he did file…." *United States v. Vasquez-Rodriquez*, Crim. No. 14-419, 2015 WL 3939057, at *3, n. 5 (D. N.J. June 25, 2015).

[5] Federal Rule of Criminal Procedure 12(b)(4)(c)3 provides that "[f]f a party does not meet the deadline for making a Rule 12(b)(3) motion the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause."

8

Yet, as the Government urges, "[g]enerally, if the failure to timely file occurred as a result of a lawyer's conscious decision not to file a pretrial motion before the deadline, the party seeking a waiver will not be able to establish good cause." *United States v. Walden*, 625 F.3d 961, 965 (6th Cir. 2010) (citations omitted). Watson acknowledges that prior counsel knew of these issues and elected not to raise them. There is no suggestion of a change in the law or in the facts which support a finding of good cause. As such, the motion is denied and I decline to address the motion on substantive grounds.

(3) Motion to Dismiss Superseding Indictment (ECF #197)

Watson seeks the dismissal of the superseding indictment pursuant to *United States v. Grady*, 544 F.2d 598 (2d Cir. 1976). According to Watson, the superseding indictment unconstitutionally broadened the charges of the original indictment. (ECF # 197, p. 1-2). Watson misreads *Grady*. In *Grady*, the United States Court of Appeals for the Second Circuit addressed the interplay of an indictment and the statute of limitations. *Grady*, 544 F.2d at 601. Here, Watson has not alleged that the statute of limitations has expired. Nor would such an argument be persuasive. A review of the indictment indicates that the grand jury returned the initial indictment within two months of the alleged criminal conduct and the superseding indictment within six months of the alleged criminal conduct. (ECF #s 1, 53). Both were filed well within the statute of limitations. See 18 U.S.C. §3282(a) ("[e]xcept as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed."). Consequently, the Motion is denied.

(4) Motion to Dismiss (Spoilation) (ECF # 198)

9

Watson requests an evidentiary hearing regarding the "chain of custody" of the drugs seized during an execution of the search warrant. According to Watson, because the search warrant was applied for and granted by Armstrong County, the seized drugs should have been delivered to the appropriate district attorney or the state department of health in accordance with Pennsylvania law. In his Memorandum in Support of Motion to Dismiss (ECF # 215), Watson urges that our Court of Appeals applies a civil sanction in a criminal case involving spoilation.

Watson cannot point to any case law suggesting that drugs in the custody of the federal Government as part of a federal prosecution must nevertheless be handled in accordance with Pennsylvania statutes. It defies logic, particularly in light of the Supremacy Clause of the United States Constitution. *U.S. Const., art. VI*. Because Watson will be tried in federal court, federal law, rather than Pennsylvania law, applies. His Motion is denied.

(5) Motions for Return of Property (ECF #s 200, 201)

Watson seeks the return of certain items of property. The items, identified only vaguely by Watson, are more thoroughly detailed in the Government's submission. (ECF # 219, Ex. B). Federal Rule of Criminal Procedure 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." *Fed. R. Crim. P. 41(g)*. "If a motion for return of property is made while a criminal prosecution is pending, the burden is on the movant to show that he or she is entitled to the property." *United States v. Chambers*, 192 F.3d 374, 377 (3d Cir. 1999) (citations omitted)."Generally, a Rule 41(e) motion is properly denied 'if the defendant is not entitled to lawful possession of the seized property, if the property

is contraband or subject to forfeiture or the government's need for the property as evidence continues.'" *Chambers*, 192 F.3d at 377, *quoting, United States v. Van Cauwenberghe*, 934 F.2d 1048, 1061 (9th Cir. 1991). When the criminal proceedings have terminated, however, the burden shifts to the government, which must demonstrate a legitimate reason to retain the property. *Id*. (citations omitted).

At this juncture, the criminal prosecution is pending. A trial is scheduled. Because the Government intends to use the bulk of the items detailed at trial, its need for such property continues. (ECF # 219, p. 19-20) *See United States v. Thomas*, 74 Fed. Appx. 189, 192 (3d Cir. 2003) ("Since the Government intends to use the items Defendant seeks as evidence at trial, its need for those materials continues and Defendant's motion is denied."). Further, the currency Watson seeks to be returned is subject to forfeiture allegations. (ECF #53). Consequently, Watson has not met the burden of showing that he is entitled to the property. The Motion is denied, without prejudice. Following the conclusion of the trial, Watson may renew these motions.

(6) Petition for Bill of Particulars (ECF #202)

Watson has filed a Petition for Bill of Particulars, alleging that the indictment and the superseding indictment fail to inform him of the nature of the charges against him. "A bill of particulars may be warranted if 'the indictment itself is too vague and indefinite' to 'adequately apprise the defendant of what he must be prepared to meet.'" *United States v. Kraynak*, Crim. No. 17-403, 2021 WL 3077505, at * 8 (M.D. Pa. July 20, 2021) (citations omitted). "The purpose of the bill of particulars is to inform the defendant of the nature of the charges brought against him to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately

11

described offense." *United States v. Moyer*, 674 F.3d 192, 203 (3d Cir. 2012)(*citations omitted*). "For an indictment to be sufficient, it must contain all the elements of a crime and adequately apprise the defendant of what he must be prepared to meet." *Moyer*, 674 F.3d 192, 203 (3d Cir. 2012), *citing, Russell v. United States*, 369 U.S. 749, 763-66 (1962)). "'[W]hen the indictment itself is too vague and indefinite for such purposes,' a bill of particulars is warranted." *Id.,* at 203, *citing, United States v. Addonizio*, 451 F.2d 49, 64 (3d Cir. 1971). "A bill of particulars, unlike discovery, is not intended to provide the defendant with the fruits of the government's investigation. Rather, it is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his own investigation." *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985) (internal citations omitted). The Government is not required to "include every fact to be alleged by the government." *Moyer*, 674 F.3d at 203 (internal quotation marks omitted). Rather, "[t]he defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved." *United States v. Kendall*, 665 F.2d 126, 135 (7th Cir. 1981).

    With this guidance in mind, I find a bill of particulars is unnecessary. The superseding indictment is not so vague as to fail to apprise Watson of the charges against him. The superseding indictment is clearly worded and gives Watson notice of the essential facts supporting the alleged crime of possession with intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N propenamide, commonly known as fentanyl in violation of 21 U.S.C. §841(a)(1), §841(b)(1)(A)(vi) and §841(b)(1)(B)(1). "From the [superseding] indictment, the defendant knows fully, directly and expressly without any uncertainty or ambiguity … all the elements necessary to

constitute the offence intended to be punished." *United States v. Broussard*, Crim. No. 16-352, 2017 WL 5070245, at * 2 (M.D. Pa. Nov. 3, 2017). Further, Watson has had access to discovery materials throughout the course of this case and the matters have been further developed during hearings on the Motion to Suppress. The superseding indictment is specific, clear, and detailed such that it informs Watson of the charges against him and permits him to adequately prepare his defense. Consequently, the Motion is denied.

(7) Motion for Mistrial (ECF # 203)

Watson also seeks a mistrial based upon what he perceives to be substandard performance by his various court-appointed attorneys. According to Watson, their representation was so "blatantly incompetent" as to be "fundamentally unfair." (ECF #203, p. 2). The Motion is denied. Trial has not yet begun. There is no manifest reason for granting a mistrial where trial has not yet commenced. Certainly, Watson has not identified case law for this Court identifying any such reason. Should something occur during trial which merits the renewal of this motion, Watson is free to renew it.

(8) Motion in Limine With Respect to Money and Marijuana (ECF # 204)

Watson seeks to preclude the Government from introducing at trial any evidence related to money or marijuana seized in connection with his arrest. He contends that the Government failed to retain and preserve the evidence for inspection and testing in contravention of Federal Rule of Criminal Procedure 16 and the United States Constitution. Rule 16 delineates the categories of information to which Watson is entitled during pretrial discovery, supplemented by additional material under, *i.e., Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972) and the *Jenks*

*Act*, §18 U.S.C. 3500. A review of the docket confirms that the Government did, in fact, comply with its obligations under Rule 16. See ECF # 20. Based on the Government's representations, which this Court has no reason to challenge, it does not appear as though any requests were ever made to inspect the marijuana or money. *See* ECF # 219, p. 23. Further, it appears as though the Government has, in fact, produced reports regarding the money in question. *Id.* Consequently, the Motion is denied.

(9) Motion in Limine Ex Parte Motion for Amendment of Order (ECF # 208)

Finally, Watson seeks a reconsideration of the Order of pretrial detention. This issue has been litigated multiple times and before multiple judicial officers, including Magistrate Judge Kelly, Magistrate Judge Lenihan, this Court, and a panel of Judges on our Court of Appeals. (ECF #s 33, 107, 123,131, 158, 147). Watson has not alleged any facts which provide a sufficient basis for reopening the issue of detention under 18 U.S.C. §3142(f). For the reasons set forth in my previous Opinions and Orders (ECF #s 123, 131 and 158), I find that the Government has presented clear and convincing evidence that pretrial detention is warranted in this case. Consequently, the Motion is denied.

Dated: September 15, 2021

BY THE COURT:

*Donetta F. Ambrose*

Donetta W. Ambrose
United States Senior District Judge