IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| -vs- | ) | Criminal No. 19-203 |
| | ) | |
| KEVIN WATSON, | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge

**MEMORANDUM OPINION AND ORDER ON GOVERNMENT AND DEFENSE MOTIONS**

Synopsis

The Government has filed the following Motions in advance of trial in this case: (1) Motion in Limine to Exclude Inadmissible and Irrelevant Evidence and Argument (ECF No. 206); and (2) Motion for Discovery (ECF No. 207). Defendant, Kevin Watson, proceeding *pro se*, filed Responses thereto. (ECF Nos. 226, 230). In addition, Watson filed an "Ex Parte" Petition for Admittance of 804(b)(3) Evidence (ECF No. 196) and an Ex Parte Motion for Use-Immunity for Witness (ECF No. 217) to which the Government responded. (ECF Nos. 219, 223).[1] Watson replied to the Government's Response. (ECF No. 225). For the reasons set forth below, the Government's Motions are GRANTED in part, and Watson's Motions are DENIED.

Analysis

On April 26, 2019, Watson is alleged to have led the Pennsylvania State Police on a high-speed chase following a traffic stop. He crashed the car, then fled on foot, leaving a young child in the car. The police caught and arrested the Defendant and discovered approximately 300 bricks of suspected heroin in the car.

Initially Watson was charged in the Court of Common Pleas of Allegheny County. (ECF No. 202-2). Ultimately, however, on June 26, 2019, the Government charged the Defendant in a one-

---

[1] Watson has also filed pretrial motions at ECF Nos. 194, 195, 197, 200-204, and 208 that will be addressed by separate Opinion and Order.

count Indictment with possession with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(i). He was arraigned on July 17, 2019 and entered a plea of not guilty. (ECF No. 17). Following a full detention hearing on August 6, 2019, Magistrate Judge Kelly ordered detention pending trial. (ECF No. 33).

On October 15, 2019, the Government filed a one-count Superseding Indictment charging Watson with possession with intent to distribute 400 grams or more of a substance containing a detectable amount of fentanyl and 100 grams or more of a mixture and substance containing a detectable amount of heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vi) and 841(b)(1)(B)(i). (ECF No. 53). On December 10, 2019, the Government filed an Information to Establish Prior Conviction. (ECF No. 79). Watson thereafter entered a plea of not guilty on December 10, 2019. (ECF No. 83). This Court conducted two hearings on a Motion to Suppress. (ECF No. 152). Following the submissions of Proposed Findings of Fact, the Motion was denied. (ECF No. 184). Trial is scheduled for October 4, 2021. (ECF No. 189).

(1)  Government Motion to Exclude Inadmissible and Irrelevant Evidence and Argument (ECF No. 206)

(a) Evidence of whether Watson was driving under the influence on April 26, 2019.

Based on representations Watson has made elsewhere in this case, the Government suspects that he may seek to introduce evidence, including toxicology reports and testimony of health care professionals, at trial to show that he was not intoxicated on April 26, 2019, the night of the traffic stop at issue in this case. For example, Watson stated at his suppression hearing that "I know it's going to be the Government's position that I was DUI, but the tox screens from that night will show that there were no drugs in my system." See ECF No. 175 at 13:10-15. Watson also filed a petition to subpoena trial witnesses including six healthcare professionals from Allegheny Health Network and the scientist who examined his blood. See ECF No. 199.

In its Motion, however, the Government states that it does not intend to introduce evidence at trial that Watson was driving under the influence. (ECF No. 206 at 5). Thus, any concerns Watson has in that regard are unfounded. Moreover, the Government is correct that whether or not Watson was sober at the time of the traffic stop is not relevant to any of the elements of the crime with which he is charged – possession with intent to distribute heroin or fentanyl. Because the Government does not intend to introduce evidence of Watson's intoxication level at trial, and because evidence of Watson's intoxication level on April 26, 2019 will not make any fact of consequence more or less probable, the Government's Motion to exclude such evidence is granted.

(b) The "Rico Taylor" Affidavit

Watson also has brought to the Court's attention a purported affidavit signed by an individual named "Rico Taylor." See ECF No. 196 (Ex Parte Motion (Petition) for Admittance of 804(b)(3) evidence); ECF No. 186-1 (Motion to Set Date, Ex. 1); ECF No. 230-2 (Response to Government Motion for Discovery, Ex. 2). The Affidavit consists of a single handwritten paragraph in which Rico Taylor, a person known to Watson, states as follows:

> To whom it may concern
>
> On April 25, I "Rico Taylor" used Kevin Watson (*sic*) vehicle a green Lincoln and I "Rico Taylor" left a box in the trunk of his car. He didn't know that the box was in the trunk let alone drugs in their (*sic*). And I "Rico Taylor" return the vehicle to him on the 26th of April and forgot to remove the box from the trunk.

Id. The affidavit is dated May 31, 2019 at the top, but was not signed until August 2, 2019. See id. Both sides agree that Rico Taylor does not intend to testify as to the contents of the affidavit at trial. In its Motion in Limine, the Government seeks to exclude the Rico Taylor Affidavit as evidence on several grounds including authenticity, best evidence rule, and hearsay. (ECF No. 207). Defendant has filed his own "ex parte" motion to admit the affidavit under Rule 804(b)(3). (ECF No. 196). After careful review, I agree with the Government that the Rico Taylor affidavit is inadmissible hearsay, and must be excluded.

As a general rule, hearsay statements are not admissible as evidence in a criminal trial. Fed. R. Evid. 802. The Rules define "hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Here, there is no question that the Rico Taylor affidavit is an out-of-court statement and that Watson would seek to offer the statement into evidence to prove the truth of the matter asserted – *i.e.*, that the drugs belonged to Mr. Taylor, that Mr. Taylor placed them in Watson's trunk, and that Watson was unaware of the presence of the drugs. Thus, the affidavit must be excluded under Rule 802 unless an exception applies.

The only potentially applicable exception here – and the only one that Watson cites – is Rule 804(b)(3) governing Statements Against Interest.

Rule 804(b)(3) applies to statements where the declarant is unavailable and:

(A) a reasonable person in the declarant's position would have made (the statement) only if the person believed it to be true because, when made, it was so contrary to the declarant's proprietary or pecuniary interest or had so great a tendency to invalidate the declarant's claim against someone else or to expose the declarant to civil or criminal liability; and

(B) is supported by corroborating circumstances that clearly indicate its trustworthiness, if it is offered in a criminal case as one that tends to expose the declarant to criminal liability.

Fed. R. Evid. 804(b)(3). It is undisputed that Rico Taylor is "unavailable" within the meaning of Rule 804(b)(3) because Taylor's counsel has informed standby counsel that Taylor will not testify to, own up to, or in any way corroborate the affidavit. If called to testify, Mr. Taylor would likely invoke his 5th amendment rights against self-incrimination. See ECF No. 168-2; Fed. R. Evid. 804(a) (criteria for being unavailable). The Government argues, however, that the affidavit fails to meet either prong of 804(b)(3). (ECF No. 206).

First, the Government contends that the statements in the affidavit arguably were not sufficiently contrary to Taylor's proprietary or pecuniary interest under Rule 804(b)(3)(A) because, according to Watson, as of the date of the affidavit, Taylor was being investigated by the FBI and was a wanted fugitive in a separate large scale conspiracy. Id. at 10 (arguing that "a reasonable

person in Taylor's shoes might conclude that he faces only a minimal incremental risk by admitting to a crime he didn't commit"). Even giving Watson the benefit of the doubt on this point, however, the affidavit is not "supported by corroborating circumstances that clearly indicate its trustworthiness" as required by Rule 804(b)(3)(B). Considerations reflecting adversely on the affidavit's trustworthiness include: the fact that Taylor and Watson shared a close relationship (Taylor was Watson's sister's boyfriend and Taylor's and Watson's children are cousins; Watson felt close enough to Taylor to lend him his car overnight) giving Taylor motivation to lie on Watson's behalf; Taylor made his statement to a third party, not prosecutors; and Taylor signed the affidavit and had it notarized over two months after it was written, over three months after Watson's arrest, and weeks after the indictment. <u>See</u> ECF Nos. 186, 206, 226, 230-2; <u>see also</u> <u>United States v. Caldwell</u>, 760 F.3d 267, 289-90 (3d Cir. 2014). Because the totality of the circumstances supports a conclusion that the Rico Taylor affidavit lacks the indicia of trustworthiness required by Rule 804(b)(3), I find that the Statement Against Interest exception does not apply and that the affidavit is inadmissible hearsay.[2]

For all of these reasons, the Government's Motion in Limine seeking to exclude the Rico Taylor Affidavit (ECF No. 206) is granted, and Defendant's Ex Parte Motion (Petition) for Admittance of 804(b)(3) Evidence (ECF No. 196) is denied.

(2) <u>Government Motion for Discovery (ECF No. 207)</u>

The Government moves for an order requiring Watson to produce discovery pursuant to Federal Rules of Criminal Procedure 16(b) and 26.2. (ECF No. 207). In its Motion, the Government notes that it has not received any discovery from Watson aside from attachments to

---

[2] As set forth above, the Government also challenges the Rico Taylor Affidavit on authenticity and "best evidence" grounds. <u>See</u> ECF No. 206 at 7-9 (citing Fed. R. Evid. 901, 902, 1002, 1003). Although I need nod decide these issues in light of my finding that the affidavit is inadmissible hearsay, I note that Watson does not appear to have provided the original affidavit (only a copy), and he has not fully addressed the concerns raised about the document's authenticity.

his various court filings. In some of his filings, however, Watson refers to Rule 16 material that he claims his former counsel withheld from production, including the Rico Taylor affidavit. Id. at 2. The Government notes that Watson also has claimed to have documents, including laboratory reports, that he intends to use at trial. See id. (citing ECF No. 161). The Government states that it requested the affidavit and laboratory reports from Watson's prior counsel on December 4, 2020. Id.

In response to the Government's Motion, Watson filed a document attaching copies of the Rico Taylor affidavit as well as four pages of medical records that Watson states indicate, inter alia, the intravenous administration of fentanyl as well as results of a urinalysis performed by the hospital on the night of April 26, 2019. (ECF No. 230). These documents appear responsive to the Government's request for the affidavit and laboratory reports made to Watson's prior counsel. Thus, the Government's motion is denied as moot to this extent. To the extent Watson has any other Rule 16 materials in his possession, custody, or control, that he intends to use in his case-in-chief, he is ordered to produce such materials to the Government no later than September 24, 2021.

The Government's Motion as it relates to Federal Rule of Criminal Procedure 26.2 is denied without prejudice as premature. The Government may renew its motion if and when Watson calls witnesses at trial. See Fed. R. Crim. P. 26.2 ("After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony.").

(3) Defendant's Ex Parte Motion (Petition) for Admittance of 804(b)(3) Evidence (ECF No. 196)

For the reasons already discussed in Section (1) above, the Rico Taylor affidavit does not meet the requirements of Rule 804(b)(3) and is not admissible as a Statement Against Interest within the meaning of that Rule. Accordingly, Watson's Motion (ECF No. 196) is denied.


(4) Defendant's Ex Parte Motion for Use-Immunity Witness (ECF No. 217)

On August 17, 2021, Watson filed an "Ex Parte Motion for Use-Immunity Witness." (ECF No. 217). In the Motion, Watson asked this Court to grant "Use-Immunity" to Rico Taylor and require that Mr. Taylor testify if called as a witness at trial. See id. This Motion is denied. In a subsequent filing, Watson correctly acknowledged that the Court does not have the power to grant the relief sought. See ECF No. 236 ¶ 9 (petitioning the Government to grant use-immunity because "it has become apparent that the court is without the authority to do such and the motion is expected to be denied"); see also United States v. Quinn, 728 F.3d 243, 260–62 (3d Cir. 2013) (holding that the Executive Branch has the exclusive authority to grant use-immunity). Accordingly, Watson's Ex Parte Motion for Use-Immunity Witness is denied.


IT IS SO ORDERED.

BY THE COURT:

_____
Donetta W. Ambrose
United States Senior District Judge