# IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | No. ___ 19-203 |
| | ) | |
| KEVIN WATSON | ) | |
| | ) | |
| Defendant. | ) | |

### **Memorandum Order of Court**

In compliance with this Court's Order (ECF # 37), the Government filed Notice of Intent to Use 404(b) Evidence (ECF #234). Specifically, the Government intends to introduce as evidence the Defendant's prior convictions in 2009 and 2011 for possession with intent to deliver heroin. The Defendant has filed Objections. ECF (# 246). The Government subsequently filed a formal Motion in Limine to Admit Evidence Under Federal Rule of Evidence 404(b). (ECF #272). Accordingly, the issue is now ripe for resolution.

Federal Rule of Evidence 404(b) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." *Fed. R. Crim. P. 404(b)(1).* Nevertheless, "Rule 404(b)(2) permits admission of other-acts evidence 'for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *United States v. Repak*, 852 F.3d 230, 240 (3d Cir. 2017), *citing*, Fed. R. Crim. P. 404(b)(2).  Rule 404(b) is a rule of general exclusion and, as such, directs that evidence of prior bad acts be

1

excluded unless the party seeking admission of the bad acts can demonstrate that the evidence is admissible for a non-propensity purpose. *Repak*, 852 F.3d at 240-41, *quoting*, *United States v. Caldwell*, 760 F.3d 267, 276 (3d Cir. 2014).

To secure admission of the evidence, the Government must demonstrate that the evidence is:

> (1) offered for a proper non-propensity purpose that is at issue; (2) relevant to that identified purpose; (3) sufficiently probative under Rule 403 such that its probative value outweighs any unfair prejudice; and (4) if requested, proffer a satisfactory limiting instruction.

*Id.* at 241 (*citations omitted*).  "A district court should apply 'care and precision … in ruling on the admission or prior act evidence for a non-propensity purpose' and, if admitting the evidence, must 'articulate reasons why the evidence also goes to show something other than character…. The reasoning should be detailed and on the record; a mere recitation of the purposes in Rule 404(b)(2) is insufficient." *United States v. Wright*, Crim. No. 16-255, 2021 WL 1413093, at * 10 (M.D. Pa. April 14, 2021), *quoting*, *Caldwell*, 760 F.3d at 277. "If the proponent of the evidence fails to meet its burden of satisfying the first two steps, a Court need not address the final two steps." *Wright*, 2021 WL 1413093, at * 10, *citing*, *Caldwell*, 760 F.3d at 283.

Turning to the first inquiry, the Government identifies three "non-propensity" purposes for admission which it alleges are "at issue" in this case: knowledge, intent to distribute, and absence of mistake. These are "permitted uses" under Rule 404(b)(2). However, "'a proponent's incantation of the proper uses of [prior act] evidence … does not magically transform inadmissible evidence into admissible evidence." *Caldwell*, 760 F.3d at 276, *quoting*, *United States v. Morely*, 199 F.3d 129, 133 (3d Cir. 1999).

2

"Rather, the proponent must identify a specific purpose that 'is of consequence in determining the action.'" *Id.* (*citations omitted*). To resolve whether the proffered purposes are at issue in this case, I turn to consider what material issues and facts the Government must prove in order to obtain a conviction. *Id.*, at 278.

Watson is charged with possession with intent to distribute fentanyl and heroin in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(A)(vi) and 841(b)(1)(B)(i). Consequently, the Government must prove, beyond a reasonable doubt, first, that Watson possessed a mixture or substance containing a controlled substance; second, that Watson possessed the controlled substance knowingly or intentionally; third, that Watson intended to distribute the controlled substance; and fourth, that the controlled substance was fentanyl and heroin. *See Mod. Crim. Jury Instr. 3d Cir. 6.21.841A.* The Government urges that because it must prove that Watson knowingly and intentionally possessed the controlled substance and intended to distribute the controlled substance, "knowledge" and "intent to distribute" are necessarily at issue. Further, because Watson has indicated that his defense will be that the drugs in the trunk of the car belonged to Rico Taylor and that Watson was unaware of the drugs, it reasons that "absence of mistake" is also at issue.

I disagree. The Government has not demonstrated that knowledge, intent to distribute or absence of mistake are "at issue" in this case. Watson has asserted a claim of innocence. As our Court of Appeals has cautioned, however, "merely by denying guilt of an offense with a knowledge-based *mens rea*, a defendant [does not] open [ ] the door to admissibility of prior convictions of the same crime [because] [s]uch a holding would eviscerate Rule 404(b)'s protection and completely swallow the general rule

against admission of prior acts." *Caldwell*, 760 F.3d at 281. *See also*, *United States v. Miller*, 673 F.2d 688, 697 (7th Cir. 2012) (*citations omitted*) ("if a mere claim of innocence were enough to automatically put intent at issue, the resulting exception would swallow the general rule against admission of prior bad acts.*"*). Thus, a claim of innocence is not sufficient to place knowledge at issue for purposes of Rule 404(b). *Caldwell*, 760 F.3d at 281.

In *Miller*, the defendant was charged, in part, with possession with intent to distribute crack cocaine. The crack cocaine was found, packaged for distribution, among his personal effects in a bedroom in a house that Miller shared with others. Miller claimed that he was not staying in the bedroom and that the crack cocaine was not his. The district court admitted evidence of his prior conviction for possession of cocaine with intent to distribute for the purpose of showing intent. The Seventh Circuit Court of Appeals reversed, finding admission was prohibited under Rule 404(b):

> Here, Miller claimed that the drugs found in the shoe box and on the bed were not his, that he was in effect an innocent bystander. Witnesses told the jury about Miller's arrest and conviction for dealing drugs in 2000. The government defends the use of that evidence on the ground that it showed his intent to distribute drugs in 2008. How, exactly, does Miller's prior drug dealing conviction in 2000 suggest that he intended to deal drugs in 2008? When the question is framed this way, the answer becomes obvious, even though implicit: "He intended to do it before, ladies and gentlemen, so he must have intended to do it again." That is precisely the forbidden propensity inference.

*Miller*, 673 F.3d at 699. Similarly, in *United States v. Lee*, 724 F.3d 968, (7th Cir. 2013), the defendant's prior drug conviction for possession of crack cocaine was offered as proof of his knowledge, intent, and lack of mistake. The defendant also claimed to be an innocent bystander. Cocaine was discovered in the trunk of a car that he was driving, but he maintained that neither the car nor the cocaine was his. *Lee*, 724 F.3d at 978.

4

The Seventh Circuit reasoned that "Lee was not placing his knowledge or intent into specific dispute by contending, for example, that he knew there was an off-white, chunky substance in the car but that he did not realize that was what crack cocaine looked like, or that he knowingly possessed the cocaine but solely for his own personal use and with no intent to distribute it." *Id.* (citations omitted). "Nor was Lee claiming to have made a mistake in the usual sense. He was not suggesting, for example, that he had grabbed someone else's bag (in which the cocaine was discovered) and put it into the trunk of the car thinking it was his." *Id.* Because the defense was one of complete innocence – one which posited that he had nothing to do with the cocaine discovered in the trunk of the car – the Seventh Circuit Court of Appeals determined that the prior convictions were not admissible for purposes of knowledge and intent.

I find the *Miller* and *Lee* decisions to be persuasive. Here, Watson too claims complete innocence – that he was unaware of the controlled substances in the car. He has not asserted any defenses that would make knowledge, intent, or absence of mistake "at issue" – such as that he mistook the controlled substances in the trunk for something else or that he intended to personally use the controlled substances rather than distribute them. As such, I find that the prior convictions are irrelevant to the proffered non-propensity purposes. *See Miller*, 673 F.3d at 698.[1] The same reasoning applies to knowledge and absence of mistake.

---

[1] The Government has not argued that the prior convictions demonstrate the same method of operation employed by Watson, such that the absence of mistake would come into play. There has been no evidence that Watson's prior convictions involved the transportation of heroin in the trunk of his car, via the particular route he traveled when arrested on this occasion, or some other details linking this arrest with the prior convictions that could be used to show the identity of the perpetrator of the crime. *See United States v. Vargas*, 552 F.3d 550, 555 (7th Cir. 2008) (permitting introduction of prior convictions in which the defendant transported drugs concealed under loads of produce in refrigerated semi-trailers as probative of his knowledge that he was doing so on the charged occasion despite his contention that he was unaware of the secret compartment in which the drugs were found).

Even assuming, for purposes of argument only, that the Government met the first factor, I would find that it cannot meet the second. The Government must "explain how the evidence is relevant to that purpose." *Caldwell,* 760 F.3d at 276.[2] In proffering such evidence, the Government must clearly articulate how the evidence fits into a chain of logical inferences - "a chain that connects the evidence to a proper purpose, no link of which is a forbidden propensity inference." *United States v. Davis*, 726 F.3d 434, 442 (3d Cir. 2013) (citations omitted). Again, here Watson claims that he drugs found in the trunk were not his. In effect, he is an innocent bystander. The Government defends the use of the prior convictions with the following "chain of inferences":

Knowledge:
In 2008 and 2009, Watson knowingly and intentionally possessed a controlled substance and that substance was heroin. Therefore, it is more probable that on April 26, 2019, Watson knew that the stampbags in his trunk contained controlled substances, heroin and fentanyl.

Intent to Distribute:
In 2008 and 2009, Watson knowingly and intentionally possessed with intent to distribute heroin. Therefore, it is more probable that on April 26, 2019, Watson intended to distribute the heroin/fentanyl that he possessed.

Absence of Mistake:
In 2008 and 2009 Watson knowingly and intentionally possessed with intent to distribute heroin. Therefore, it is more probable that Watson had knowledge of the presence of heroin/fentanyl in his trunk, and it is more probable that Watson had knowledge of drugs and drug distribution. Therefore, it is less probable that on April 26, 2019, Watson happened to be in the wrong place at the wrong time while driving his car.

(ECF # 234, p. 3-5).

I disagree with the Government's assertions that it has explained how the past

---

[2] Our Court of Appeals cautions that "steps one and two are distinct inquiries. The first step requires the proponent to identify a proper purpose that is pertinent to the case, whereas the second step requires the evidence tend to establish the identified purpose. Both must be satisfied before evidence may be admitted under Rule 404(b)." *Caldwell*, 760 F.3d at 276 n. 6.

convictions fit into a "chain of inferences." The prior convictions do not make it more likely that Watson knew of the drugs in the trunk, that he possessed the drugs in the trunk or that he intended to distribute the drugs in the trunk. Rather, the only relevant inference is that Watson engaged in possession with intent to distribute controlled substances in the past so he must have intended to do it again. Rule 404(b) forbids this propensity inference.

Even if I were to conclude that the Government satisfied the relevance and chain of inference hurdles, I would find that any probative value of the prior convictions is substantially outweighed by unfair prejudice under Rule 403. The probative value is diminished given that the prior convictions were approximately ten years prior to instant alleged offense. *See United States v. Wright*, Crim. No. 16-255, 2021 WL 1413093, at * 11 (M.D. Pa. Apr. 14, 2021) ("where the convictions were in 2003 and 2006, approximately 12 and 9 years prior to the instant alleged offense, the probative value, and relevance, of the prior convictions as direct or circumstantial evidence is diminished."). Further, the introduction of Watson's prior convictions would be extremely damaging because jurors would be more likely to infer that he has the propensity to commit the crimes charged.  As our Court of Appeals observed, the Advisory Committee's Note to Rule 404(a) explains that the prejudice associated with Rule 404(b) evidence is significant:

> Character evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened.

*Caldwell*, 760 F.3d at 284, quoting Fed. R. Evid. 404(a). Advisory Committee's Note.

Given that the character evidence here is a prior conviction for the same crime being tried, the prejudicial impact is "only heightened." *Id.*

Consequently, the Government's Motion in Limine is DENIED.

Date: October 28, 2021

BY THE COURT:

*Donetta F. Ambrose*

_____

Donetta W. Ambrose
United States Senior District Judge