IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | )  Criminal No. 19-203 |
| KEVIN WATSON, | ) |
| | ) |
| Defendant. | ) |

**<u>MEMORANDUM ORDER</u>**

In his Position With Respect to Sentencing Factors (Docket No. 309), Defendant Kevin Watson objects to his classification as a career offender predicated on his prior Pennsylvania state court convictions of delivery/possession with intent to deliver heroin. More specifically, Defendant argues that his prior convictions "are not drug trafficking offenses as defined by the Sentencing Guidelines, but are inchoate by definition," and he further disputes that those convictions are controlled substance offenses under the Guidelines because "Pennsylvania's definition of heroin is broader than the definition of heroin under the Federal Controlled Substance Act." (*See* Docket No. 309, ¶¶ 3, 5-8, 13-19).

The Government responds that Defendant's prior convictions are not inchoate, and further maintains that they are career offender predicates. (*See* Docket No. 312). As to Defendant's argument that Pennsylvania's definition of heroin is broader than the federal definition of heroin, the Government notes that various defendants in this District have advanced this same argument following its assertion in *United States v. Davee Ward*, Crim. No. 18-48.[1] (*See id.* at 4). In *Ward*,

---

1  *See e.g., United States v. Espy*, No. 2:18-CR-00332, 2022 WL 247833, at *4 (W.D. Pa. Jan. 27, 2022) (describing argument and deferring ruling pending a hearing); *United States v. Gordon*, Crim. No. 19-141 (same issue pending a hearing currently scheduled in June 2022). As for Defendant Watson, the Government points out that he

1

the Honorable Cathy Bissoon overruled the defendant's objection that his prior Pennsylvania conviction for distribution of heroin does not qualify as a career offender predicate under the sentencing guidelines. *See Ward*, Crim. No. 18-48, 2021 WL 5604997, at *1-2 (W.D. Pa. Nov. 30, 2021). *Ward* is now on appeal at Case No. 22-1281.

In his Reply to the Government's Response, Defendant continues to press his inchoate and career offender predicate arguments. (*See* Docket No. 313). He also notes that "the issue concerning isomers and the PA statute [in] question is currently being argued" in *Espy* and *Gordon*, and submits that a "positive ruling" in either of those cases could "drastically reduce" his projected sentence. (*Id.*, ¶¶ 12, 13). Consequently, Defendant requests that the Court "defer a ruling and the upcoming sentencing" until those cases are fully litigated. (*Id.*, ¶ 14).

The Court finds persuasive Defendant's suggestion that this matter should be "deferred," which the Court construes as a request to stay the case. In addition to the cases Defendant notes in this District, the relevant issue currently is being litigated in the Third Circuit Court of Appeals in *United States v. Lewis* at Case No. 21-2621. At issue in *Lewis* is whether a state conviction counts as a "controlled substance offense" under U.S.S.G. § 4B1.2(b) whether or not the state's definition of that controlled substance fits precisely within the federal definition of that term at sentencing under the Controlled Substances Act.[2] (Case No. 21-2621, Docket No. 28 at 15). Given that the Third Circuit's decision in *Lewis* will likely conclusively resolve whether Defendant's prior controlled substance convictions qualify as career offender predicates, the interests of justice and

---

makes the same argument raised in *Ward*, that is, his prior heroin trafficking offenses are not controlled substance offenses because Pennsylvania criminalizes all types of isomers of heroin, while federal law only criminalizes optical isomers of heroin. (*See* Docket Nos. 309, ¶¶ 13-19; 312 at 5).

2       This issue also arises in *United States v. Paredes* and *United States v. Daniels* pending in the Third Circuit at Case Nos. 21-2657 and 21-3310. *Paredes* and *Daniels* have been stayed pending a decision in *Lewis*. (*See* Case No. 21-2657, Docket No. 12; Case No. 21-3310, Docket No. 16).

considerations of judicial economy dictate that this case be stayed pending disposition of *Lewis*.[3] Accordingly, the Court enters the following Order:

AND NOW, this 18th day of April, 2022, IT IS HEREBY ORDERED that this case and all remaining presentence deadlines, as well as Defendant's sentencing hearing, are stayed pending the Third Circuit Court Appeals' disposition of *United States v. Lewis* at Case No. 21-2621 and further order of this Court.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record

     Kevin Watson
     39594068
     Northeast Ohio Correctional Center
     2240 Hubbard Road
     Youngstown, OH 44505

     United States Probation Office

---

[3] In view of Defendant's request to "defer the sentencing" until cases bearing on the issue he raises can be litigated, (*see* Docket No. 313 at 3), any delay caused by the stay is excluded in the interest of justice. *See United States v. Lacerda*, 958 F.3d 196, 219-20 (3d Cir. 2020) (factors to consider for assertion of due process right to speedy sentencing include: "(1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of his right; and (4) any prejudice suffered by the defendant.").