IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Criminal No. 19-203 |
| KEVIN WATSON, ) | |
| ) | |
| Defendant. ) | |

**<u>MEMORANDUM ORDER</u>**

Following a jury trial, Defendant Kevin Watson was convicted of possession with intent to distribute 400 grams or more of fentanyl and 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vi) and 841(b)(1)(B)(i), as charged in the one-count Superseding Indictment in this case. (Docket Nos. 53, 286). On April 10, 2023, the Court sentenced Defendant to 240 months' imprisonment followed by a 10-year term of supervised release. (Docket No. 331). Defendant appealed his conviction and sentence, (Docket No. 334), and his appeal is pending in the United States Court of Appeals for the Third Circuit at Case No. 23-1686.

Presently before the Court is Defendant's Motion for Return of Property Under Rule 41(g), (Docket No. 337), in which he seeks return of the following items: Pennsylvania driver's license; Samsung cell phone; properties under property records D02-16559, D02-16559A, D02-16559B; approximately $1,300 in United States currency; bulk key ring; all keys taken; black boots; and property in a green Lincoln Continental. (*Id.*, ¶ 3). The Government opposes Defendant's Motion, arguing that it has a continuing interest in the property given that Defendant has filed an appeal and it is possible that his conviction could be overturned and there could be another trial. (Docket No. 339). The Government also notes that Defendant alleges the property he seeks was last located with

the Pennsylvania State Police at its Kittaning Barracks, thus he has not alleged that the Government possesses the items. (*Id.*; *see also* Docket No. 337, ¶ 4). For reasons that follow, Defendant's Motion will be denied without prejudice.

Pursuant to Rule 41(g), "[a] person aggrieved by . . . the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). "If a motion for return of property is made while a criminal prosecution is pending, the burden is on the movant to show that he or she is entitled to the property." *United States v. Chambers*, 192 F.3d 374, 377 (3d Cir. 1999). However, when the criminal proceedings have terminated, the burden shifts to the Government to "demonstrate that it has a legitimate reason to retain the property." *Id.* In this instance, Defendant was convicted following a jury trial and sentenced, but his direct appeal is pending. Accordingly, the criminal proceedings are ongoing, and Defendant must demonstrate that he is entitled to have the property returned. *See id.* at 375 (observing that the criminal proceedings had ended after the defendant's appeal was complete); *United States v. Johnson*, Crim. No. 1:CR-03-0221, 2006 WL 8435757, at *1 (M.D. Pa. May 16, 2006) (burden is on the defendant to show that he is entitled to return of property when his direct appeal still is pending).

Generally, a Rule 41(g) motion "is properly denied 'if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues.' " *Chambers*, 192 F.3d at 377 (quoting *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1061 (9th Cir. 1991)). Here, the Government submits that is has a continuing interest in the property because Defendant's conviction could be overturned on appeal and the items could be needed for a future trial.[1] (Docket No. 339 at 1).

---

1  The Government also points out that Defendant alleges that the property was last located at the Pennsylvania State Police Barracks in Kittaning, thus the Court should not order the return of property which is not in the

The Government's continuing interest / future need argument is persuasive. Given that Defendant's conviction is currently on appeal, there is a possibility for a future need for the items Defendant requests if there is another trial. *See e.g., United States v. Thomas*, 74 F. App'x 189, 192 (3d Cir. 2003) ("The Government's intent to use property as evidence is a continuing interest which can prevent return of property under Rule 41[g]."); *Johnson*, 2006 WL 8435757, at *1 (denying motion for return of property where the defendant's conviction was on appeal, which left open possibility for future need for the items). Consequently, the Court is unable to conclude that Defendant has shown that he is entitled to have the items returned to him at this time. Defendant may seek to have the items returned to him when his appeal is concluded if he chooses to pursue such relief at that time.

Based on the foregoing, the Court enters the following Order:

AND NOW, this 2nd day of June, 2023, IT IS HEREBY ORDERED that Defendant's Motion for Return of Property Under Rule 41(g), (Docket No. 337), is DENIED WITHOUT PREJUDICE.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record

      Kevin Watson
      Inmate No. 39594-068
      Northeast Ohio Correctional Center
      2240 Hubbard Road
      Youngstown, OH 44505

---

Government's possession. (Docket No. 339 at 1). To the extent the Government asserts that the property is not in its possession, the Government has not provided any evidentiary support for this assertion. To be clear, the Government "must do more than state, without documentary support, that it no longer possesses the property at issue." *Chambers*, 192 F.3d at 378. While this lack of evidence would normally require a hearing, *see id.* (requiring an evidentiary hearing "on any disputed issue of fact necessary to the resolution of the motion"), the resolution of Defendant's Motion in light of his pending appeal makes a hearing unnecessary. *See Johnson*, 2006 WL 8435757, at *1, n.2.