IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA            )
                                    )
        v.                          )        Criminal No. 19-203
                                    )
KEVIN WATSON                        )

**MEMORANDUM AND ORDER OF COURT**

Presently before the Court is Defendant Kevin Watson's Motion to Revoke/Amend the Detention Order and Affidavit in Support thereof, which is opposed by the Government. (Docket Nos. 386, 394, 395). After careful consideration of the parties' positions, Defendant's Motion will be denied.

I.      **BACKGROUND**

On June 26, 2019, Defendant was charged in a one-count Indictment with possession with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(i). (Docket No. 1). The charge arose as a result of an incident that occurred on April 26, 2019, when Defendant fled from law enforcement and led police on a high-speed chase following a traffic stop. (Docket No. 49 at 3-5). After Defendant crashed his vehicle, he exited the car, fled on foot, and abandoned a very young child in the car. (*Id.* at 6). Defendant ultimately was apprehended. (*Id.*). The police subsequently searched Defendant's vehicle and found approximately 300 bricks of suspected heroin. (*Id.* at 7).

The Government requested that Defendant be detained pending trial, and Magistrate Judge Maureen Kelly held a detention hearing on August 6, 2019. (Docket Nos. 21, 32, 49). After considering evidence and argument, Judge Kelly analyzed the Bail Reform Act factors and ordered

1

Defendant detained pending trial, finding that he had not rebutted the applicable presumption that there is no condition or combination of conditions of release which will reasonably assure the safety of any other person and the community if he were to be released. (Docket Nos. 33 at 2; 49 at 66). Magistrate Judge Kelly found that detention was warranted given that the nature and circumstances of the offense involved a significant quantity of heroin seized after a high speed chase with a 3-year old child in the vehicle; that Defendant would be subject to a lengthy period of incarceration if convicted; that he had three prior felony drug convictions; and that he previously engaged in criminal activity while on probation or bond. (Docket Nos. 33 at 2-3; 49 at 61, 64, 65).

On October 15, 2019, Defendant was charged in a one-count Superseding Indictment with possession with intent to distribute 400 grams or more of fentanyl and 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vi) and 841(b)(1)(B)(i). (Docket No. 53). On December 10, 2019, the Government filed an Information pursuant to 21 U.S.C. § 851, stating that Defendant has prior convictions as a basis for increased punishment. (Docket No. 79).

On February 18, 2020, Defendant appealed Magistrate Judge Kelly's detention ruling to the Third Circuit Court of Appeals. (Docket No. 98). That appeal was dismissed for lack of jurisdiction. (Docket No. 142).

On March 12, 2020, Defendant filed a motion for a detention hearing, contending that he was entitled to another hearing because the Superseding Indictment had been filed. (Docket No. 102). Magistrate Judge Lisa Lenihan denied that motion on March 25, 2020. (Docket No. 107).

In April and May 2020, Defendant filed a motion for release from custody and a supplemental motion for same as a result of the Covid-19 pandemic, both of which were denied

by Judge Donetta Ambrose, who originally presided over this case. (Docket Nos. 113, 123, 128, 131).

On October 21, 2020, Defendant filed a motion to review and amend the Magistrate Judge's detention order. (Docket No. 151). Therein, Defendant stated that no Article III judge yet had reviewed Magistrate Judge Kelly's detention decision on the merits. (*Id.*, ¶ 6). Citing 18 U.S.C. § 3145(b), Defendant submitted that he was entitled to such review by a court having original jurisdiction over the charged offense. (*Id.*). After considering Defendant's motion and conducting a *de novo* review of the detention order issued by Magistrate Judge Kelly, including the evidence presented at the detention hearing and the transcript of the proceeding, Judge Ambrose denied Defendant's motion. (Docket No. 158). Judge Ambrose considered the relevant factors in the Bail Reform Act and found that the evidence presented at the detention hearing weighed in favor of detention. (*Id.* at 3).

Following a jury trial before Judge Ambrose in November 2021, Defendant was found guilty as charged in the Superseding Indictment. (Docket No. 286). After Judge Ambrose assumed senior inactive status, Defendant's case was reassigned to this member of the Court in January 2022. Ultimately, in April 2023, this Court sentenced Defendant to 240 months' imprisonment followed by a 10-year term of supervised released. (Docket Nos. 329, 331). Defendant subsequently appealed his judgment of conviction to the Third Circuit Court of Appeals. (Docket No. 334).

On July 9, 2024, the parties filed in the Third Circuit a joint motion for summary remand wherein the Government conceded that one of Defendant's issues raised on appeal had merit – that is, the District Court admitted certain cross-examination of Defendant's former attorney, as well

as closing argument concerning same, in violation of Federal Rule of Evidence 403. As a result, the parties agreed that Defendant is entitled to a new trial.

On remand to this Court, Defendant initially was represented by the Federal Public Defender's Office, but he ultimately moved to proceed *pro se*, which the Court granted following a hearing. (Docket Nos. 356, 367, 379, 381, 382).

Subsequently, Defendant filed the pending Motion to Revoke/Amend the Detention Order and Affidavit in Support thereof, claiming that certain conditions have changed since the detention order was last reviewed, which now make detention unwarranted. (Docket No. 386, ¶ 2). Defendant submits that his family no longer lives in the Pittsburgh area, and his wife, who is the sole financial provider for his three children (ages 6, 16, and 18), is struggling to pay for college, school, medical and other expenses for the family. (*Id.*, ¶¶ 8.i, 8.iv). Consequently, Defendant advocates that he should be released pending trial or other disposition of this matter so that he can "help improve his familial situation." (*Id.*, ¶ 9). He also contends that release is warranted because he has been waiting to receive an unspecified surgical procedure for his back problem, and it is unlikely that he will be able to undergo that procedure while this matter is being litigated. (*Id.*, ¶ 10; *see also* Docket No. 395, ¶ 14). Defendant seeks to be released to New York state where his family resides, he says that he has "a potential job awaiting" if he is released, and he claims that there are conditions which will reasonably assure his appearance. (Docket No. 395, ¶¶ 17, 19, 20). Notably, Defendant does not claim that there are conditions which will reasonably assure the safety of any other person and the community if he were to be released.

In opposing Defendant's Motion, the Government argues that the circumstances supporting Magistrate Judge Kelly's detention order remain true, Defendant has offered no new evidence or

changed circumstances warranting release, his family circumstances are a natural consequence of his incarceration, and his medical needs do not justify release.  (Docket No. 394 at 4-9).  For reasons that follow, the Court concludes that Magistrate Judge Kelly's prior determination that Defendant should be detained pending trial remains correct.

## II.    DISCUSSION

Pursuant to 18 U.S.C. § 3145(b), "[i]f a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order."  A district court exercises *de novo* review over a detention order entered by a magistrate judge.  *United States v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985).  As detailed above, Defendant filed a multitude of motions challenging his detention, and he ultimately moved for review and amendment of the detention order pursuant to § 3145(b) in a motion filed on October 21, 2020.  (*See* Docket No. 151).  As explained, Judge Ambrose conducted a *de novo* review of Magistrate Judge Kelly's detention order and denied Defendant's motion on November 10, 2020.  (*See* Docket No. 158).

Defendant's present Motion seeking to revoke or amend Magistrate Judge Kelly's detention order is mischaracterized insofar as he once again seeks *de novo* review of that order pursuant to 18 U.S.C. § 3145(b).  (*See* Docket No. 386, ¶ 12) (citing § 3145(b) for the proposition that a person who has been ordered to be detained pending trial by a magistrate judge may move for revocation or amendment of the detention order).  As other courts have recognized, "the only possible avenue for Defendant to seek release on bail in a case sitting in this procedural posture is to convince this Court to reopen the detention hearing pursuant to 18 U.S.C. § 3142(f)." *United States v. Bey*, Crim. No. 15-87, 2016 WL 5121760, at *1 (W.D. Pa. Sept. 21, 2016) (citing *United*

5

*States v. Costanzo*, No. 2:08-cr-365, 2009 WL 2058725 (W.D. Pa. July 15, 2009)).  Section 3142(f)

provides, in relevant part, that:

> The hearing may be reopened, before or after a determination by the judicial
> officer, at any time before trial if the judicial officer finds that information
> exists that was not known to the movant at the time of the hearing ***and that
> has a __material__ bearing on the issue whether there are conditions of release
> that will reasonably assure the appearance of such person as required and
> the safety of any other person and the community.***

18 U.S.C. § 3142(f) (emphasis added).  Here, the new information presented by Defendant in his

Motion and Affidavit would not have "a ***material*** bearing on the issue whether there are conditions

of release that will reasonably assure . . . the safety of any other person and the community."  (*Id.*)

(emphasis added).

First, Defendant submits that his family no longer lives in the Pittsburgh area, and now

lives in New York, thus any concerns the Government had about him being released to "the same

familial circumstances" no longer exist.  (Docket Nos. 386, ¶¶ 8.i, 8.iii; 395, ¶ 20).  The Court

disagrees to the extent Defendant suggests that he would no longer present a danger to the safety

of the community if he were released to New York.  The same concerns previously expressed by

Magistrate Judge Kelly in finding that Defendant's release would present a danger to the safety of

the community (that is, Defendant allegedly engaged in heroin trafficking activity, which presents

an obvious danger to the community, and he was involved in a high speed chase, which was

extremely dangerous to the public at large, not to mention the young child in the vehicle) remain

regardless of whether Defendant would be released to the Pittsburgh area, New York, or elsewhere.

*See, e.g., United States v. Bastianelli*, Crim. No. 17-305, 2018 WL 1015269, at *8 (W.D. Pa. Feb.

22, 2018) ("Drug trafficking certainly poses a substantial risk of harm to the community,

particularly the trafficking of significant quantities of very dangerous and addictive drugs.")

(citations omitted).  Furthermore, Defendant's contention that he "has a potential job awaiting" if he is released, (Docket No. 395, ¶ 19), has no material bearing on the issue whether there are conditions of release that will reasonably assure the safety of the community which call for reopening the detention hearing.  Magistrate Judge Kelly previously recognized that Defendant had an employer who was willing to offer him a position if he was released, (Docket No. 49 at 62), yet still ultimately determined that detention was necessary considering the relevant Bail Reform Act factors.

Defendant next submits that his wife is the sole financial provider for his three children and the family is "struggling to survive," therefore he should be released so that he can "help improve his familial situation."  (Docket No. 386, ¶¶ 8.vi, 9).  Here again, this information has no material bearing on the issue whether there are conditions of release that will reasonably assure the safety of the community to justify reopening the hearing.  Magistrate Judge Kelly discussed Defendant's family circumstances, recognizing that he and his wife were raising three young children.  (Docket No. 49 at 63).  Defendant's absence through incarceration undoubtedly has a significant impact on his family.  However, as courts have recognized when a defendant seeks release pending sentencing, "incarceration regrettably inflicts family hardship on many, if not most, defendants, [thus] family hardships will not ordinarily constitute exceptional reasons for release pending sentencing."  *United States v. Porter*, 442 F. Supp. 3d 903, 908 (W.D. Pa. 2020) (internal quotation marks and citation omitted).  The same holds true in Defendant's case.  While the Court is sympathetic to Defendant's concerns about his family, those concerns are not uncommon and do not have a material bearing on the detention decision that was previously rendered.

Finally, Defendant's contention that he has been waiting 6 years while incarcerated to receive an unspecified surgical procedure for his back problem, (Docket Nos. 386, ¶ 10; 395, ¶ 14), has no material bearing on whether there are conditions of release that will reasonably assure the safety of the community such that reopening the hearing is warranted. As Defendant's wife testified at the detention hearing in August 2019, "[a] few years ago, maybe about four, [Defendant] was working for Value City . . . , and he delivered furniture. He slipped on a patch of ice and messed up his back really bad. So, yeah, that's like his main issue right now." (Docket No. 49 at 34-35). According to his wife's testimony, Defendant's back injury originally occurred "maybe about four" years prior to his incarceration in this case, but there is nothing in the record to indicate that he pursued surgery or other treatment in the four years preceding his arrest. Now, Defendant states that he needs an unspecified surgical procedure, but he provides no information about the nature of his back condition or diagnosis, what specific type of surgery is required, or his prognosis. Under these circumstances, Defendant's back problem does not have a material bearing on the issue of detention.

## III.    <u>CONCLUSION</u>

All told, the new information Defendant proffered in his Motion and Affidavit has no material bearing on the issue whether there are conditions of release that will reasonably assure the safety of any other person and the community which would warrant reopening the detention hearing. Consequently, the Court will not reopen the detention hearing.

Furthermore, even if reopening was warranted, upon a *de novo* review of Magistrate Judge Kelly's detention order, including the evidence presented at the detention hearing and the transcript of that proceeding as supplemented by the information contained in Defendant's Motion and

Affidavit, this Court would deny Defendant's request for revocation or amendment of the detention order for the reasons previously expressed by Magistrate Judge Kelly and Judge Ambrose and for the additional reasons explained herein.  In summary, this Court would find that consideration of the relevant Bail Reform Act factors weigh in favor of detention because, although Defendant is presumed innocent, he is charged with a serious drug trafficking offense involving a significant quantity of heroin and fentanyl; the controlled substances were seized after Defendant fled from law enforcement and engaged in a high-speed chase with a very young child in the vehicle, endangering not only the child, but members of the public; he faces a statutory minimum sentence of 15 years and up to life imprisonment if convicted; he has prior felony controlled substance convictions; and he previously engaged in criminal activity while under court-imposed conditions. Accordingly, the Court will deny Defendant's Motion to revoke or amend the detention order.

An appropriate order follows.

## **ORDER OF COURT**

AND NOW, this 7th day of July, 2025, for the reasons set forth in the Memorandum above, IT IS HEREBY ORDERED that Defendant's Motion to Revoke/Amend the Detention Order, (Docket No. 386), is DENIED.

_s/ W. Scott Hardy_
W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record

Kevin Watson (via U.S. mail)
Inmate No. 39594-068
Northeast Ohio Correctional Center
2240 Hubbard Road
Youngstown, OH  44505